**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| SUPER DUPER, INC., DBA SUPER DUPER PUBLICATIONS,<br>      a South Carolina Corporation | ) ) ) ) | |
|       Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| Mattel, Inc.,<br>      a Delaware Corporation | ) ) ) | |
|       Defendant. | ) ) | |

**COMPLAINT WITH REQUEST FOR**
**DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The Plaintiff, Super Duper, Inc., for its Complaint against the Defendant, Mattel, Inc., would respectfully show the Court as follows:

**<u>The Parties</u>**

1.     The Plaintiff Super Duper, Inc. is a corporation formed under the laws of South Carolina with a principal place of business at 5201 Pelham Road, Greenville, South Carolina, 29615.

2.     The Defendant Mattel, Inc. is a corporation formed under the laws of Delaware with a principal place of business at 333 Continental Boulevard, El Segundo, California, 90245-5012.

**<u>Jurisdiction</u>**

3.     This action arises under the Trademark Laws of the United States, 15 U.S.C. Section 1051, *et seq.*, with subject matter jurisdiction based on 28 U.S.C. Sections 1331, 1338(a), 2201, and 2202, as hereinafter more fully appears.

4.     The Defendant's physical presence, conduct of business, contracting to supply things, and

distribution of goods with the reasonable expectation that those goods are to be used or

consumed in South Carolina confer this Court with personal jurisdiction over the Defendant

pursuant to South Carolina Code Sections 36-2-802 and 36-2-803.

**First Cause of Action:**
**Declaratory Judgment Regarding SORT AND SAY**

5.      On or about May 20, 2003, the Plaintiff caused to be filed an intent-to-use trademark

application with the U.S. Patent and Trademark Office for the trademark SORT AND SAY used

in conjunction with equipment sold as a unit for playing a board game consisting primarily of a

magnetic board and magnetic square pieces in the field of speech, language, voice, fluency, and

hearing, for use by the general public, public and private teachers, health professionals or

therapists.  The application was assigned application serial number 78252179.

6.      The Plaintiff began selling products under the trademark SORT AND SAY as described

in application serial number 78252179 at least as early as June 17, 2003.

7.      On or about November 16, 2003, the Examining Attorney determined that the trademark

described in application serial number 78252179 was entitled to registration, concluding, *inter*

*alia*, that no registered, pending, or previously used trademark would bar registration under

Section 2(d) of the Trademark Laws, 15 U.S.C. Section 1052(d).

8.      On or about January 20, 2004, application serial number 78252179 published for

opposition.

9.      On or about March 16, 2004, the Defendant filed a Notice of Opposition to registration of

application serial number 78252179, alleging, *inter alia*, likelihood of confusion between the

Plaintiff's use of the trademark SORT AND SAY as described in application serial number

78252179 and products sold under various registered and common law trademarks asserted by

the Defendant, including SEE N' SAY, MOTHER NATURE SAYS, THE FARMER SAYS,

WINKY SAYS, THE BEE SAYS, THE CLOCK SAYS, MOTHER GOOSE SAYS, GRANNY

SAYS,  BARBIE SAYS, MY CLOCK SAYS, SEE N' SAY JUNIOR, THE FARMER SAYS,

and WHOOO SAYS.

10.     As a result of the Defendant's actions, as hereinafter more fully appears, the Plaintiff has

a reasonable apprehension of being sued for trademark infringement by the Defendant as a result

of the Plaintiff's use of the trademark SORT AND SAY as described in application serial

number 78252179.

11.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the

trademark SORT AND SAY as described in application serial number 78252179 does not

infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or

cause any damage to the Defendant.

**Second Cause of Action:**
**Declaratory Judgment Regarding SEE IT! SAY IT!**

12.     On or about November 17, 2000, the Plaintiff caused to be filed a use-based trademark

application with the U.S. Patent and Trademark Office for the trademark SEE IT! SAY IT! used

in conjunction with printed teaching materials for preschoolers and elementary school children to

Grade K-5 primarily in the area of language and articulation, namely, a series of articulation

workbooks.  The application was assigned application serial number 76166890.

13.     The Plaintiff began selling products under the trademark SEE IT! SAY IT! as described

in application serial number 76166890 at least as early as May 21, 1999.

14.     On or about June 1, 2001, the Examining Attorney determined that the trademark

described in application serial number 76166890 was entitled to registration, concluding, *inter*

*alia*, that no registered, pending, or previously used trademark would bar registration under

Section 2(d) of the Trademark Laws, 15 U.S.C. Section 1052(d).

15.     On or about August 14, 2001, application serial number 76166890 published for opposition.

16.     On or about November 6, 2001, application serial number 76166890 matured to registration as U.S. Trademark No. 2504141.

17.     On or about April 27, 2005, the Defendant filed a Petition for Cancellation of U.S. Trademark No. 2504141, alleging, *inter alia*, ownership of a family of SAYS marks and likelihood of confusion between the Plaintiff's use of the registered trademark SEE IT! SAY IT! as described in U.S. Trademark No. 2504141 and products sold under various registered and common law trademarks asserted by the Defendant, including SEE N' SAY, BARBIE SAYS, THE FARMER SAYS, WHOOO SAYS, THE BEE SAYS, MY CLOCK SAYS, MOTHER GOOSE SAYS, SEE N' SAY JUNIOR, and GRANNY SAYS.

18.     As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the registered trademark SEE IT! SAY IT! as described in U.S. Trademark No. 2504141.

19.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the registered trademark SEE IT! SAY IT! as described in U.S. Trademark No. 2504141 does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

### Third Cause of Action:
### Declaratory Judgment Regarding FOLD & SAY

20.     On or about July 3, 2001, the Plaintiff caused to be filed a use-based trademark application with the U.S. Patent and Trademark Office for the trademark FOLD & SAY used in conjunction with printed materials for pre-school and elementary school children Grade Pre-K –

5th Grade, namely workbooks in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists. The application was assigned application serial number 76280379.

21.    The Plaintiff began selling products under the trademark FOLD & SAY as described in application serial number 76280379 at least as early as August 1, 1997.

22.    On or about September 10, 2001, the Examining Attorney determined that the trademark described in application serial number 76280379 was entitled to registration, concluding, *inter alia*, that no registered, pending, or previously used trademark would bar registration under Section 2(d) of the Trademark Laws, 15 U.S.C. Section 1052(d).

23.    On or about December 25, 2001, application serial number 76280379 published for opposition.

24.    On or about March 19, 2002, application serial number 76280379 matured to registration as U.S. Trademark No. 2550061.

25.    On or about April 27, 2005, the Defendant filed a Petition for Cancellation of U.S. Trademark No. 2550061, alleging, *inter alia*, ownership of a family of SAYS marks and likelihood of confusion between the Plaintiff's use of the registered trademark FOLD & SAY as described in U.S. Trademark No. 2550061 and products sold under various registered and common law trademarks asserted by the Defendant, including SEE N' SAY, BARBIE SAYS, THE FARMER SAYS, WHOOO SAYS, THE BEE SAYS, MY CLOCK SAYS, MOTHER GOOSE SAYS, SEE N' SAY JUNIOR, and GRANNY SAYS.

26.    As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the registered trademark FOLD & SAY as

described in U.S. Trademark No. 2550061.

27.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the registered trademark FOLD & SAY as described in U.S. Trademark No. 2550061 does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

**Fourth Cause of Action:**
**Declaratory Judgment Regarding FOLD AND SAY**

28.     The Plaintiff began selling printed materials for pre-school and elementary school children Grade Pre-K – 5th Grade, namely workbooks in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists under the trademark FOLD AND SAY at least as early as August 1, 1997.

29.     As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the trademark FOLD AND SAY for printed materials for pre-school and elementary school children Grade Pre-K – 5th Grade, namely workbooks in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists.

30.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the trademark FOLD AND SAY for printed materials for pre-school and elementary school children Grade Pre-K – 5th Grade, namely workbooks in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

**Fifth Cause of Action:**
**Declaratory Judgment Regarding FISH & SAY**

31.    On or about March 8, 2002, the Plaintiff caused to be filed a use-based trademark application with the U.S. Patent and Trademark Office for the trademark FISH & SAY used in conjunction with equipment for playing an educational game consisting of a printed sheet of plastic, foam fish, plastic fishing rods, and a tackle box sold as a unit in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists.  The application was assigned application serial number 78113623.

32.    The Plaintiff began selling products under the trademark FISH & SAY as described in application serial number 78113623 at least as early as October 2, 2001.

33.    On or about July 11, 2002, the Examining Attorney determined that the trademark described in application serial number 78113623 was entitled to registration, concluding, *inter alia*, that no registered, pending, or previously used trademark would bar registration under Section 2(d) of the Trademark Laws, 15 U.S.C. Section 1052(d).

34.    On or about October 1, 2002, application serial number 78113623 published for opposition.

35.    On or about December 24, 2002, application serial number 78113623 matured to registration as U.S. Trademark No. 2666686.

36.    As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the registered trademark FISH & SAY as described in U.S. Trademark No. 2666686.

37.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the registered trademark FISH & SAY as described in U.S. Trademark No. 2666686 does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

**Sixth Cause of Action:**
**Declaratory Judgment Regarding FISH AND SAY**

38.     The Plaintiff began selling education games under the trademark FISH AND SAY at least as early as October 2, 2001.

39.     As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the trademark FISH AND SAY for education games.

40.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the trademark FISH AND SAY for education games does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

**Seventh Cause of Action:**
**Declaratory Judgment Regarding SAY AND DO**

41.     On or about November 10, 1997, the Plaintiff caused to be filed a use-based trademark application with the U.S. Patent and Trademark Office for the trademark SAY AND DO used in conjunction with (1) printed teaching materials for preschoolers primarily in the area of language and articulation, namely, workbooks and flash cards and (2) equipment sold as a unit for playing educational games, consisting primarily of board games, workbooks and flash cards.  The application was assigned application serial number 75387760.

42.     The Plaintiff began selling products under the trademark SAY AND DO as described in application serial number 75387760 at least as early as December 31, 1987.

43.     On or about July 16, 1998, the Examining Attorney determined that the trademark described in application serial number 75387760 was entitled to registration, concluding, *inter alia*, that no registered, pending, or previously used trademark would bar registration under Section 2(d) of the Trademark Laws, 15 U.S.C. Section 1052(d).

44.     On or about September 29, 1998, application serial number 75387760 published for opposition.

45.     On or about December 22, 1998, application serial number 75387760 matured to registration as U.S. Trademark No. 2212903.

46.     On or about December 22, 2003, U.S. Trademark No. 2212903 became incontestable.

47.     As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the registered trademark SAY AND DO as described in U.S. Trademark No. 2212903.

48.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the registered trademark SAY AND DO as described in U.S. Trademark No. 2212903 does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

### Eighth Cause of Action:
### Declaratory Judgment Regarding SAY & DO

49.     The Plaintiff began selling education games under the trademark SAY & DO at least as early as January 1, 1997.

50.    As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the trademark SAY & DO for education games.

51.    The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the trademark SAY & DO for education games does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

### Ninth Cause of Action:
### Declaratory Judgment Regarding SAY & GLUE

52.    On or about July 26, 2000, the Plaintiff caused to be filed an intent-to-use trademark application with the U.S. Patent and Trademark Office for the trademark SAY & GLUE used in conjunction with printed materials for pre-school and elementary school children to Grade K-5, namely, workbooks and flashcards in the field of language and articulation.  The application was assigned application serial number 76097072.

53.    The Plaintiff began selling products under the trademark SAY & GLUE as described in application serial number 76097072 at least as early as September 7, 2000.

54.    On or about May 24, 2001, the Examining Attorney determined that the trademark described in application serial number 76097072 was entitled to registration, concluding, *inter alia*, that no registered, pending, or previously used trademark would bar registration under Section 2(d) of the Trademark Laws, 15 U.S.C. Section 1052(d).

55.    On or about October 9, 2001, application serial number 76097072 published for opposition.

56.    On or about August 20, 2002, application serial number 76097072 matured to registration as U.S. Trademark No. 2610454.

57.     As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the registered trademark SAY & GLUE as described in U.S. Trademark No. 2610454.

58.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the registered trademark SAY & GLUE as described in U.S. Trademark No. 2610454 does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

**Tenth Cause of Action:**
**Declaratory Judgment Regarding FUN DECK & SAY**

59.     The Plaintiff began selling education games under the trademark FUN DECK & SAY at least as early as June 29, 2001.

60.     As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the trademark FUN DECK & SAY for education games.

61.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the trademark FUN DECK & SAY for education games does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

**Eleventh Cause of Action:**
**Declaratory Judgment Regarding SORT & SAY**

62.     The Plaintiff began selling equipment sold as a unit for playing a board game consisting primarily of a magnetic board and magnetic square pieces in the field of speech, language, voice,

fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists under the trademark SORT & SAY at least as early as June 17, 2003.

63.    As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the trademark SORT & SAY for equipment sold as a unit for playing a board game consisting primarily of a magnetic board and magnetic square pieces in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists.

64.    The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the trademark SORT & SAY for equipment sold as a unit for playing a board game consisting primarily of a magnetic board and magnetic square pieces in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

## Twelfth Cause of Action:
## Declaratory Judgment Regarding SPIN, SAY & DO

65.    The Plaintiff began selling education games under the trademark SPIN, SAY & DO at least as early as March 1, 1998.

66.    As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the trademark SPIN, SAY & DO for education games.

67.    The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the trademark SPIN, SAY & DO for education games does not infringe or dilute any trademarks

owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

**Thirteenth Cause of Action:**
**Declaratory Judgment Regarding SAY AND SORT**

68.    On or about September 29, 2004, the Plaintiff caused to be filed an intent-to-use trademark application with the U.S. Patent and Trademark Office for the trademark SAY AND SORT used in conjunction with equipment sold as a unit for playing a board game consisting primarily of a magnetic board and magnetic square pieces in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists.  The application was assigned application serial number 78491639.

69.    On or about April 29, 2005, the Examining Attorney determined that the trademark described in application serial number 78491639 was entitled to registration, concluding, *inter alia*, that no registered, pending, or previously used trademark would bar registration under Section 2(d) of the Trademark Laws, 15 U.S.C. Section 1052(d).

70.    As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the trademark SAY AND SORT as described in application serial number 78491639.

71.    The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the trademark SAY AND SORT as described in application serial number 78491639 does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

## Fourteenth Cause of Action:
## Declaratory Judgment Regarding SPIN, SAY AND DO

72.     On or about December 6, 2001, the Plaintiff caused to be filed a use-based trademark application with the U.S. Patent and Trademark Office for the trademark SPIN, SAY AND DO used in conjunction with printed educational material for children and adults of all ages, namely a workbook in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists.  The application was assigned application serial number 78097056.

73.     The Plaintiff began selling products under the trademark SPIN, SAY AND DO as described in application serial number 78097056 at least as early as March 1, 1998.

74.     On or about July 23, 2002, the Examining Attorney determined that the trademark described in application serial number 78097056 was entitled to registration, concluding, *inter alia*, that no registered, pending, or previously used trademark would bar registration under Section 2(d) of the Trademark Laws, 15 U.S.C. Section 1052(d).

75.     On or about October 29, 2002, application serial number 78097056 published for opposition.

76.     As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the trademark SPIN, SAY AND DO as described in application serial number 78097056.

77.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the trademark SPIN, SAY AND DO as described in application serial number 78097056 does not infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or cause any damage to the Defendant.

**Fifteenth Cause of Action:**
**Declaratory Judgment Regarding SAY AND SING**

78.     On or about June 29, 2001, the Plaintiff caused to be filed an intent-to-use trademark application with the U.S. Patent and Trademark Office for the trademark SAY AND SING used in conjunction with (1) pre-recorded audio cassettes and compact discs featuring entertainment and education for pre-school and elementary school children grade Pre-K – 5th Grade in the field of speech, language, voice, fluency, and hearing, for use by the general public, public and private teachers, health professionals or therapists and (2) printed material for Pre-school and elementary school children grade Pre-K – 5th Grade namely, song books and educational books in the field of speech, language, voice, fluency, and hearing, for the use by the general public, public and private teachers, health professionals or therapists.  The application was assigned application serial number 78071620.

79.     The Plaintiff began selling products under the trademark SAY AND SING as described in application serial number 78071620 at least as early as August 15, 2001.

80.     On or about September 12, 2001, the Examining Attorney determined that the trademark described in application serial number 78071620 was entitled to registration, concluding, *inter alia*, that no registered, pending, or previously used trademark would bar registration under Section 2(d) of the Trademark Laws, 15 U.S.C. Section 1052(d).

81.     On or about November 27, 2001, application serial number 78071620 published for opposition.

82.     As a result of the Defendant's actions, as more fully appear elsewhere in this Complaint, the Plaintiff has a reasonable apprehension of being sued for trademark infringement by the Defendant as a result of the Plaintiff's use of the trademark SAY AND SING as described in application serial number 78071620.

83.     The Plaintiff seeks a Declaratory Judgment from this Court that the Plaintiff's use of the

trademark SAY AND SING as described in application serial number 78071620 does not

infringe or dilute any trademarks owned by the Defendant, violate any rights of the Defendant, or

cause any damage to the Defendant.

**Prayer For Relief**

84.     WHEREFORE, the Plaintiff prays that this Court enter a Declaratory Judgment against

the Defendant as pleaded in each cause of action and for such further and other relief as this

Court may deem just and proper.

JURY DEMAND:  The Plaintiff demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

Attorneys for the Plaintiff


DATE:  June 14, 2005                 *s/ Steven R. LeBlanc*
                                     Steven R. LeBlanc (Fed. ID #7000)
                                     Neil M. Batavia (Fed. ID #9288)
                                     DORITY & MANNING, P.A.
                                     P.O. Box 1449
                                     Greenville, S.C. 29602-1449
                                     Tel: 864-271-1592
                                     Fax: 864-233-7342