IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Super Duper, Inc., dba Super Duper Publications, a South Carolina Corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>      Defendant. | Civil Action No. 6:05-1700-HFF-WMC<br><br>**O R D E R** |

   This matter is before the court on the motion of defendant Mattel, Inc. ("Mattel") to seal its opposition to plaintiff Super Duper, Inc.'s ("Super Duper") motion to amend its reply to counterclaims. The motion was referred to this court for disposition by the Honorable Henry F. Floyd, United States District Judge.

   On September 27, 2006, this court entered a protective order as stipulated by the parties. The protective order contains the following relevant provisions:

> 5. **Depositions.** Portions of depositions shall be deemed CONFIDENTIAL or OUTSIDE COUNSEL ONLY if designated as such when the deposition is taken or within ten business days after receipt of the transcript.
>
> 8. **Filing of CONFIDENTIAL Materials**. In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure including ... seeking permission to file the document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction.

(Order on m. for prot. order, 9/27/2006).

   On August 29, 2006, Super Duper took the deposition of Mattel's witness, Vincent Smart. Portions of Mr. Smart's deposition were designated "Confidential – Outside Counsel

Only" within the meaning provided in the protective order. Mattel states that its opposition to Super Duper's motion to amend its reply to counterclaims contains a discussion of the highly confidential and proprietary matters discussed by Mr. Smart during his deposition and that the portion of Mr. Smart's testimony containing such matters was expressly designated during the deposition as "Confidential – Outside Counsel Only" pursuant to the protective order entered by the parties and this court. The portion of deposition testimony of Mr. Smart that is relied upon, cited, and attached by Mattel in its opposition is contained on page 45 of his deposition.

Super Duper opposes the motion to seal, arguing that the only information discussed in Mattel's opposition memorandum was not designated as confidential. However, Super Duper stated as follows in its own motion to amend its reply to counterclaims:

> Super Duper requested Mattel's permission to include the relevant portions of [Mr. Smart's] deposition transcript, designated Confidential by Mattel, for the Court's review. Mattel declined Super Duper's request. To avoid filing the present motion under seal, Super Duper has not included such portions of the 30(b)(6) deposition transcript; however, Super Duper can provide the entire deposition transcript with the relevant portions identified for the Court's *in camera* review if necessary.

(Pl. m. to amend its reply to counterclaims 3).

It appears that the portion of the deposition transcript now relied upon by Mattel in its opposition to Super Duper's motion to amend is one of the "relevant portions" described by Super Duper as having been "designated Confidential by Mattel." Super Duper's position in its motion to amend is in direct conflict with its current argument that the relevant portion of the deposition transcript is *not* confidential.

Based upon the foregoing, Mattel's motion to seal is granted.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

November 14, 2006

Greenville, South Carolina

2