

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| SUPER DUPER, INC. § | |
| d/b/a Super Duper Publications, § | |
| a South Carolina Corporation, § | |
| § | |
| Plaintiff and Counterdefendant, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:05-1700-HFF-WMC |
| § | |
| § | |
| MATTEL, INC., § | |
| a Delaware Corporation, § | |
| § | |
| Defendant and Counterclaimant. § | |

ORDER

## I.     INTRODUCTION

Pending before the Court is Plaintiff's Motion to Alter or Amend the Court's Judgment April 29, 2008 judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of this Court that the motion shall be denied.

## II.     STANDARD OF REVIEW

The Fourth Circuit recognizes three grounds for granting a Rule 59(e) motion to alter or amend judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Insurance Co. v. American National Fire Insurance Co.*, 148 F.3d 396, 403 (4th

Cir. 1998) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

Although a Rule 59(e) motion allows a district court to correct its own errors, it may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may [it] be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting 11 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)).

## III. DISCUSSION

Plaintiff contends that the Court's "entry of the judgment without considering the equities of the case constitutes a clear error of law and works manifest injustice on [Plaintiff]." (Pl.'s Rule 59(e) Motion 5.)  In support of its position, Plaintiff cites to *Synergistic Int'l, LLC v. Korman*, 470 F.3d 162 (4th Cir. 2006), in which the Fourth Circuit held that the trial court abused its discretion in awarding damages pursuant to the Lanham Act without discussing each of the equitable factors to be weighed in assessing such damages.  The equitable factors include the following:

> (1) whether the defendant had the intent to confuse or deceive; (2) whether the sales have been diverted; (3) the adequacy of other remedies; (4) any unreasonable delay by the plaintiff in asserting its rights; (5) the public interest in making the misconduct unprofitable; and (6) whether it is a case of palming off.

*Synergistic Int'l, LLC v. Korman*, 470 F.3d at 175.

As observed by Defendant, however,

> *Synergistic* should be limited to bench trials and not applicable to jury trials, such as the present case. To do [otherwise] would effectively eliminate the jury deciding profits or damages and would contradict the Lanham Act, which specifically provides for a jury's

2

> assessment of profits and damages. Nonetheless, [Defendant] presented sufficient evidence to the jury to support an award of [Plaintiff's] profits, and the jury weighed the evidence and came to the conclusion that an award of profits to [Defendant] was appropriate in this case.

(Defendant's Opposition to Plaintiff's Rule 59(e) Motion 8.)

The Court notes that, even if the Court is required to specifically address each of the factors set forth above, it can easily do so. As to factor one, whether Plaintiff had the intent to confuse or deceive, there was evidence in the record to support the jury's decision that Plaintiff intentionally diluted Defendant's SEE 'N SAY trademarks with seven of Plaintiff's trademarks. Factor two, whether sales have been diverted, is inapplicable. Regarding factor three, the adequacy of other remedies, the Court has considered other remedies but finds that none other is adequate. There is no competent evidence in the record that the fourth factor, any unreasonable delay by Defendant in asserting its rights, applies. Concerning the fifth factor, the public interest in making the misconduct unprofitable, in addition to Super Duper's misconduct that is the subject of this suit, the record is replete with Plaintiff's apparent proclivity in generously borrowing, without permission or payment, the ideas of others. The public has cause to make such misbehavior unprofitable.[1] The sixth factor, whether this is a a case of palming off, has no application here. These considerations, although not exhaustive, convince the Court that the award of profits is proper.

## IV.     CONCLUSION

Therefore, based on the foregoing discussion, as well as Defendant's arguments on this matter, it is the judgment of this Court that Plaintiff's Motion to Alter or Amend the Court's

---

[1] The Court notes, however, that it has considered only the misconduct of Plaintiff that is the subject of this suit in weighing this factor in favor of granting Defendant relief.

3

Judgment April 29, 2008 judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is **DENIED**.[2]

**IT IS SO ORDERED**.

Signed this 31st day of March, 2009 in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[2] Nevertheless, the Court notes that today it will file an Amended Judgment in this action on other grounds.