

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| SUPER DUPER, INC.<br>d/b/a Super Duper Publications,<br>a South Carolina Corporation,<br><br>  Plaintiff and Counterdefendant,<br><br>vs.<br><br>MATTEL, INC.,<br>a Delaware Corporation,<br><br>  Defendant and Counterclaimant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:05-1700-HFF-WMC |

ORDER

## I.   INTRODUCTION

Pending before the Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial, pursuant to Rules 50(b) and 59(a) of the Federal Rules of Civil Procedure. Having exhaustively considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of this Court that the motion shall be denied.

## II.   CONTENTIONS OF THE PARTIES

Plaintiff argues that (1) the Court should enter judgment as a matter of law, or in the alternative grant a new trial, on the issue of likelihood of confusion for Plaintiff's trademarks found to infringe Defendant's trademarks; (2) the Court should enter judgment as a matter of law, or in the alternative grant a new trial, on the issue of dilution for Plaintiff's trademarks found likely to dilute

Defendant's trademarks; (3) the Court should enter judgment as a matter of law of no damages; (4) the Court should grant Plaintiff a new trial on the marks found to infringe and dilute based on incorrect and prejudicial evidentiary rulings; and (5) the Court should grant Plaintiff a new trial on the marks found to infringe and dilute based on incorrect and prejudicial charges of the law. Defendant disagrees with each of these averments.

## III.   DISCUSSION

The standard of review for the Court's consideration of a Rule 50(b) motion is generally the same as the standard of review for a Rule 56 motion. *See Brown v. CSX Transp., Inc.*, 18 F.3d 245, 248 (4th Cir. 1994). The appellate court reviews such a decision de novo. *Id.* "To grant the motion the district court must examine the evidence in the light most favorable to the non-moving party and determine whether a reasonable trier of fact could draw only one conclusion from the evidence." *Id.* (citation and quotation marks omitted).

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, however, the Court may weigh the evidence and consider the credibility of the witnesses and, if it finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, it must set aside the verdict, even if supported by substantial evidence, and grant a new trial. *Poynter by Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir. 1989). The Court's ruling is a matter resting within its sound discretion and is not reviewable save in the most exceptional circumstances. *Lindner v. Durham Hosiery Mills, Inc.,* 761 F.2d 162, 168 (4th Cir. 1985).

Inasmuch as Plaintiff generally reargues matters that the Court has already considered and rejected, the Court declines to address each of the arguments here. Nevertheless, the Court will make these brief observations:

The Court rejects Plaintiff's arguments that Plaintiff should prevail as a matter of law or that a new trial is necessary as to the issues of likelihood of confusion, dilution or damages. In other words, the Court cannot say that either (1) the law mandates that Plaintiff is entitled to judgment in its favor based solely on the law or (2) the jury's verdict (except the award portion) is against "the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice." *Ratcliff*, 874 F.2d at 223. In fact, the evidence overwhelmingly validates the jury's verdict (except for the amount of profits), there is no competent evidence of any false evidence, nor any convincing argument that there has been any miscarriage of injustice visited upon Plaintiff.

The Court also refuses to accept Plaintiff's contentions that any of its evidentiary rulings constitute reversible error. Regarding the statement that the Court allegedly gave incorrect charges, inasmuch as Plaintiff inexplicably failed to submit its proposed charges and objections to Defendant's proposed charges as it was directed to do by the Court, such charges and objections should have been deemed waived. In an abundance of caution, however, the Court heard from Plaintiff. Suffice to say that the Court is unconvinced that it committed reversible error concerning the jury charges.

Simply stated, the Court has exhaustively reviewed each of Plaintiff's arguments, has reexamined the record and the applicable law, but finds Plaintiff's contentions unavailing. Thus, for the reasons set forth herein, as well as those argued by Defendant, the Court will enter judgment accordingly.[*]

---

[*]The Court notes that Plaintiff appears to argue that it is entitled to judgment as a matter of law in regards to an allegedly inconsistent verdict, but does not make the same argument when moving the Court for a new trial.

**IV.     CONCLUSION**

Therefore, in light of the above discussion, as well as the arguments set forth in Defendant's submission, it is the judgment of this Court that Plaintiff's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial, pursuant to Rules 50(b) and 59(a) of the Federal Rules of Civil Procedure, is **DENIED**.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2009 in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

4