

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| SUPER DUPER, INC. | § | |
| d/b/a Super Duper Publications, | § | |
| a South Carolina Corporation, | § | |
| | § | |
| Plaintiff and Counterdefendant, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:05-1700-HFF-WMC |
| | § | |
| | § | |
| MATTEL, INC., | § | |
| a Delaware Corporation, | § | |
| | § | |
| Defendant and Counterclaimant. | § | |

## ORDER

## I.    INTRODUCTION

Pending before the Court are Defendant's Motion for Attorneys' Fees, Defendant's Bill of

Costs, Plaintiff's Motion for Attorneys' Fees, and Plaintiff's Bill of Costs.  Having carefully

considered the motions, the responses, the replies, the record, and the applicable law, it is the

judgment of this Court that Defendant's Motion for Attorneys' Fees will be granted as modified,

Defendant's Bill of Costs will be granted as modified, Plaintiff's Motion for Attorneys' Fees will

be denied, and Plaintiff's Bill of Costs will be denied.

## II.     DISCUSSION

### A.     Attorneys' Fees[1]

In addition to providing for an enhanced award, 15 U.S.C. § 1117(a) also states that the Court may award reasonable attorney fees to the prevailing party in exceptional cases. *Id.* In the case at bar, Defendant argues that it is the sole prevailing party. Plaintiff, however, contends that each of the parties is a prevailing party as to certain of the claims. Each party also declares that this is an exceptional case as to it, but not as to the other. In the opinion of the Court, Defendant has the strongest argument in both instances.

> In the United States, parties are ordinarily required to bear their own attorney's fees-the prevailing party is not entitled to collect from the loser. Under this "American Rule," we follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority. Congress, however, has authorized the award of attorney's fees to the "prevailing party" in numerous statutes.
>
> * * * *
>
> In designating those parties eligible for an award of litigation costs, Congress employed the term "prevailing party," a legal term of art. Black's Law Dictionary . . . defines "prevailing party" as a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 602-603 (2001) (citations, quotation marks, alterations and footnote omitted). The prevailing party is one who obtained an enforceable judgment against the other or other "comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

---

[1]Judge Currie was recently faced with some of the same issues that this case presents. *See All American Title Loans v. Title Cash of South Carolina*, No. 3:05-1280-CMC, 2007 WL 1464580 (D.S.C. May 17, 2007). Given the thoroughness of her opinion, when appropriate, the Court has adopted much of the law cited in that case here.

2

In the instant case, judgment was entered for Defendant in "the sum of $400,000.00 (Four hundred thousand dollars and no cents) with interest at the rate of 1.88% as provided by law and its cost of action." (Judg. 1.) Thus, in that judgment was entered in favor or Defendant, then the clear language of *Buckhannon* leads to just one logical result: Defendant is the prevailing party.

Nevertheless, Plaintiff argues that, inasmuch as Defendant did not prevail on all of its claims, and because Defendant did not receive the total verdict that it requested, both parties prevailed. This is simply not the law. If Plaintiff's position were true, then most cases that this Court sees would have two prevailing parties. Rare is the case in which the claimant is both successful on every claim and receives the award amount that she seeks. Thus, the above-recited law, coupled with the Court's own experience, instruct the Court that Plaintiff's position must be rejected.

The Court must next consider whether this is an exceptional case such that attorneys' fees are appropriate. This is not a difficult determination. Given evidence in the record, as detailed in Defendant's Petition for Attorneys' Fees and hereby adopted by the Court, the Court answers that question in the affirmative.

Simply stated, in this action, which Plaintiff itself brought, a jury considered the overwhelming evidence of Plaintiff's wrongdoing and determined that it both infringed and intentionally diluted certain of Defendant's marks.[2] The Court agrees with the jury's verdict.

Defendant seeks attorneys' fees in the amount of $2,643,844.15, which includes $20,654.40 in legal research charges, and taxable costs in the amount of $58,529.21.[3] These requests are

---

[2]Although not considered in the Court's making of this decision, Defendants have asserted, and Plaintiff has not denied, that Plaintiff continues its same unlawful conduct to this day.

[3]This is the amount reflected in Defendant's Second Amended Bill of Costs.

3

supported by counsel's affidavits and additional factual support.  Defendant has also supplied the Court with time records substantiating its request for attorneys' fees, along with an in depth discussion of the relevant factors that this Court must consider when faced with a petition such as this.

In determining the reasonableness of a request for attorneys' fees, the Court weighs the following twelve factors:

> (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) fee awards in similar cases.

*Trimper v. City of Norfolk Va.*, 58 F.3d 68, 73 (4th Cir. 1995).  These factors were first adopted by the Fourth Circuit in *Barber v. Kimbrell 's, Inc.*, 577 F.2d 2 16, 226 (4th Cir. 1978).  In more recent cases, some courts restate the sixth factor as relating to counsel's expectations at the outset of the litigation.  *See Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (quoting *E.E.O.C. v. Service News Co.*, 898 F.2d 958 (4th Cir. 1990)).

Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable.  *Service News*, 898 F.2d at 965 (stating that seven of the twelve factors were inapplicable in the matter).  These *Barber* factors are considered both in deciding the properness of the rate requested and the reasonableness of the hours expended "which are then multiplied to determine the lodestar figure which will normally reflect a reasonable

rate." *Service News*, 898 F.2d at 965 (citing *Daly v. Hill*, 790 F.2d at 1077). The resulting lodestar figure is strongly presumed to be the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557 (1992).

When a fee applicant has pursued both successful and unsuccessful claims, "the most critical factor . . . is the degree of success obtained" because when a movant has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole may be an excessive amount." *Brodziak*, 145 F.3d at 196-97 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). In determining whether to reduce the compensable hours, however, the Court must first determine "whether the claims on which the plaintiff prevailed are related to those on which he did not." *Id*.

> In some cases, a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit . . . counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved. The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.
>
>         * * * *
>
> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.

*Hensley*, 461 U.S. at 434-35 (citation and quotation marks omitted).

The relevant factors are discussed below.

    *1.    Time and labor required to litigate the suit*

This factor favors the Court's granting Defendant's motion. The time and labor required to litigate this action has been substantial due to the nature of the litigation. This has been a long,

difficult and complex case. The record contains dozens of motions, pretrial and post trial, each of which has been fully briefed. Many of these submissions, coupled with exhibits, are hundreds of pages long. The trial of the case took seven days.

Moreover, counsel have taken and defended seventeen depositions. As of the date of this Order, the docket contains almost 375 entries, making it one of the most voluminous cases in the district. Thus, for these reasons, as well as others detailed by Defendant, the Court is unable to say that the number of hours for which compensation is requested is excessive.

2.     *Novelty and difficulty of the questions presented by the lawsuit*

This factor also favors the granting of Defendant's motion. This action in particular was more difficult than most because it presented the parties and the Court with many novel and difficult issues. The procedural posture of the case made matters worse. Moreover, the large number of issues, the number of claims, and the complicated facts of the case, spread over such a long period of time, added to counsel's burdens. The number of motions filed in this case gives some hint as to the novelty and difficulty of the matter.

3.     *Skill required to properly perform the legal service*

The Court finds that this factor weighs in favor of the granting of Defendant's motion. Trademark law itself is a specialty field for which attorneys who are skilled in the area are compensated more generously that in other areas of the law.  Given the complexity of this case, only the most experienced and most competent counsel would be able to handle it. Defendant's counsel  was found to be more than equal to the task.

4.     *Preclusion of other employment opportunities*

It cannot be disputed that this factor also favors Defendant's motion. This is so because Defendant's counsel necessarily rejected work that it could have performed on behalf of other clients, at the same rate that they charged here, to work on this case.

5.    *Customary fee and nature of fee*

This factor also suggests that Defendant's motion should be granted. The rates charged by Defendant's local counsel are well within the range of what attorneys in this market with his education, experience, and reputation reasonably charge. Although the rates of Defendant's California counsel are appreciably higher, having reviewed the materials presented to it by Defendant, the Court is convinced that those rates are also imminently reasonable.

Regarding charges for computerized legal research, Plaintiff cites *Wolfe v. Wolfe*, 570 F.Supp 826, 828 (1983) for the proposition that such costs cannot be properly charged here. The *Wolfe* court stated that it considered "the use of the Westlaw computer to be similar to typing charges, which are presumably incidental to the attorneys' services, and therefore, not considered to be valid costs." *Id.* This Court, however, declines to adopt that conclusion, but instead will follow the lead of those courts that have allowed for such fees. *E.g. Matter of Continental Illinois Litig.*, 962 F.2d 566, 571 (7th Cir.)

6.    *Whether fee is fixed or contingent*

This case is not contingency based.

7.    *Time limitations imposed by the client or circumstances*

The Court is unconvinced that this factor applies to the facts of this case.

8.    *The amount in controversy and the results obtained*

The Court finds that this factor favors Defendant. The claims in this case involve a common core of factual and legal issues, including Plaintiff's unlawful use of Defendant's marks for its products and its knowledge of Defendant's marks and registrations.

> Where the [claimant] has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a [claimant] who has won substantial relief should not have his

> attorney's fee reduced simply because the district court did not adopt
> each contention raised. But where the [claimant] achieved only
> limited success, the district court should award only that amount of
> fees that is reasonable in relation to the results obtained.

*Hensley*, 461 U.S. at 440.

In considering the extent of Defendant's success, the Court observes that, although Defendant did not win on every one of its claims, it is the opinion of this Court that it certainly obtained substantial relief. In addition to having prevailed at trial, the Court will issue a permanent injunction as well as an enhanced award as a result of counsel's efforts. Thus, the Court is of the opinion that the results that Defendant's Counsel received were overwhelmingly substantial.

9.     *Experience, reputation and ability of the attorney*

This factor heavily favors the granting of Defendant's motion. Counsel's representation of Defendant was excellent. Defendant's lead counsel are experienced in the field of trademark law, which was evidenced at each step of this litigation. Their reputations, as well as that of their respective firms, is sterling. Regarding their abilities, the Court has, among other things, reviewed the many papers that counsel submitted to the Court, heard the arguments that they made, and observed their conduct at trial and their mastery of the subject matter. The Court finds their abilities unsurpassed.

10.     *Undesirability of the case*

This factor is inapplicable to the facts of this case.

11.     *Nature and length of the attorney's professional relationship with the client.*

Defendant's lead counsel from California has been representing Defendant for more than eight years. Defendant is allowed to employ its regular outside counsel if that is its desire. As for

Defendant's counsel from South Carolina, the Local Civil Rules require that local counsel be employed in all matters such as this.[4]

### 12.     Fee awards in similar cases

Having reviewed the cases set forth by Defendant, and considering its own experience in complex and difficult matters such as this, the Court is of the opinion that the attorneys' fees which Defendant seeks are comparable to those fees awarded in similar actions.

### B.     Bill of Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, in cases such as this, costs should be allowed to the prevailing party. Inasmuch as the Court has found that Defendant is the only prevailing party in this action, then costs, if any, can be granted only as to Defendant.

Defendant's Bill of Costs, as modified in its Second Amended Bill of Costs, seeks $58,529.21. Plaintiff objects to several of the costs that Defendant seeks to recoup.

This has been a long and difficult case, with many complex and novel arguments put forth by both parties. As observed above, the docket itself contains almost 375 entries, many of which contain hundreds of pages. The acrimony that exists between the parties and their counsel has made what was already a difficult matter even worse. The Local Civil Rules, which work well in most cases, have served as a guidepost for the Court in this one. Local Civil Rule 1.02, however, allows the Court "to suspend or modify any Local Civil Rule." *Id.* Thus, to the extent that any of the costs that the Court allows here appears to be in violation of any Local Civil Rule, that Local Civil Rule is modified.

The Court will grant Defendant's Bill of Costs, as modified by its Second Amended Bill of Costs, for the reasons set forth in Defendant's Reply Brief, with one exception. Plaintiff objects to the inclusion of certain transcription and videotape costs of the depositions, as listed in Plaintiff's

---

[4]The Court notes that, in lieu of taking a background role as many local counsel do, in this instance, Defendant's local counsel participated fully in all aspects of the litigation.

9

Response to Defendant's Bill of Costs. Defendant does not appear to contest that these costs are disallowed. Therefore, because Defendant has failed to make the requisite showing that these costs were "necessarily obtained for use in the case," 28 U.S.C. §1920(2), only Defendant's transcription costs will be awarded.

## III.    CONCLUSION

Therefore, based on the discussion above, as well as the arguments set forth in Defendant's submissions, it is the opinion of this Court that Defendant's Motion for Attorneys' Fees will be **GRANTED AS MODIFIED**, Defendant's Bill of Costs will be **GRANTED AS MODIFIED**, Plaintiff's Motion for Attorneys' Fees will be **DENIED**, and Plaintiff's Bill of Costs will be **DENIED**.

The Clerk of Court is hereby **DIRECTED** to enter judgment for Defendant in the following amounts: Defendant, as the prevailing party, is entitled to an award of costs in the amount of $58,529.21, less the amount disallowed above, and is entitled to an award of attorneys' fees in the amount of $2,643,844.15.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2009 in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE