

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| SUPER DUPER, INC. § | |
| d/b/a Super Duper Publications, § | |
| a South Carolina Corporation, § | |
| § | |
| Plaintiff and Counterdefendant, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:05-1700-HFF-WMC |
| § | |
| § | |
| MATTEL, INC., § | |
| a Delaware Corporation, § | |
| § | |
| Defendant and Counterclaimant. § | |

## ORDER

**I.     INTRODUCTION**

Pending before the Court is Defendant's Motion for Entry of Judgment, for Permanent Injunction, for Order of Cancellation, and for Increased Profits Pursuant to 15 U.S.C. § 1117 or, in the alternative, to Alter or Amend Judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of this Court that Defendant's Motion for Entry of Judgment will be granted as modified, Defendant's Motion for Permanent Injunction will be granted as modified, Defendant's Motion for Order of Cancellation will be granted, and Defendant's Motion for Increased Profits Pursuant to 15 U.S.C. § 1117 will be granted as provided herein.

## II.     DISCUSSION

*A.     Permanent Injunction*

The parties appear to agree that the standard set out in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) is the appropriate one that the Court should employ to guide its decision as to whether a permanent injunction should issue in this matter. According to the *eBay* court, before a permanent injunction can properly issue, the movant must demonstrate

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id*.

Defendant contends that each of the above-listed factors weighs in favor of the Court's granting its motion for a permanent injunction barring Plaintiff from transporting, distributing, offering for sale, or selling any good bearing any of the marks that the jury in this matter found infringed and intentionally diluted Defendant's marks. The motion also asks the Court to require Plaintiff to deliver to Defendant for destruction all products, advertising and promotional material, packaging, or other material bearing any of the marks that the jury found infringed and intentionally diluted Defendant's marks.

Plaintiff argues that Defendant is not entitled to such a broad injunction and that the injunction that Defendant has proposed does not satisfy the test set out in *eBay*.

As to the first factor, in light of the jury's verdict, coupled with this Court's view of the evidence, the Court finds that Defendant has suffered irreparable injury as a result of Plaintiff's misconduct, namely that Plaintiff's SEE IT! SAY!, SAY AND SING, FISH AND SAY, FISH &

SAY, SORT AND SAY, SORT & SAY, and SAY AND SORT trademarks infringed and intentionally diluted the distinctive nature of Defendant's SEE 'N SAY, SEE 'N SAY JUNIOR, SEE 'N SAY BABY, and THE FARMER SAYS trademarks. Regarding factor two, the Court further finds that monetary damages are an insufficient remedy to compensate Defendant for Plaintiff's continuing misbehavior.

Factor three also weighs in favor of the Court's entering a permanent injunction. As noted by Defendant,

> [a]s an adjudged infringer and diluter, [Plaintiff] cannot complain about any hardship. By contrast, there is a risk of substantial hardship to [Defendant] because [Plaintiff] sustained use of the Infringing Marks will only continue to irreparably harm the consumer goodwill that [Defendant] has established in its SEE 'N SAY trademarks and [Defendant's] reputation as a whole.

(Def.'s Rep. to Pl.'s Resp. to Def.'s Mot. for Entry of Judg. 5) (citation omitted). The fourth factor also favors the entry of a permanent injunction. The public interest is served when the Court's gives effect to a jury verdict. That is precisely what this permanent injunction does. Moreover, the public interest is also served when a company's unlawful conduct is ordered to be suspended. Again, that is precisely what this permanent injunction is tailored to do. In fact, the public interest would be disserved if a permanent injunction did not issue.

Consequently, Defendant's motion for a permanent injunction will be granted, with one exception. To the extent that Plaintiff renames and relabels its products that the jury found to be unlawful, then destruction of such products will be unnecessary. "In other words, [Plaintiff] can continue to sell and produce the [unlawfully named] product but it must be another name." (Trans. 1299:5-6.)

B.      *Order of Cancellation*

Section 1119 of Title 15 of the United States Code provides that,

> [i]n any action involving a registered mark the court may determine the right to registration, order the cancel[l]ation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

*Id.*

Defendant moves the Court to order the cancellation of the registration of Plaintiff's SEE IT! SAY IT1 and FISH & SAY marks and to foreclose the registration of SORT AND SAY. Plaintiff, however, argues that an order would be a waste of judicial resources and would place Plaintiff at a disadvantage during any further court proceedings.

At the request of Plaintiff, the jury has spoken on this issue and, inasmuch as it found that Plaintiff's SEE IT! SAY IT!, FISH & SAY and SORT AND SAY marks are unlawful, the duty of the Court is to give effect to the jury's decision. *Gracie v. Gracie*, 217 F.3d 1060, 1066 (9th Cir. 2000) ("In light of the jury verdict, which the district court allowed to stand, the district court should have ordered cancellation of [the offending mark].") Moreover, the Court notes that, it is not merely serving as a rubber stamp. Instead, it wholly agrees with the jury's opinion on this issue. Thus, the Court will enter judgment accordingly.

C.      *Adjustment of Award*[1]

Defendant requests an increased award amount pursuant to 15 U.S.C. § 1117(a), which provides that

---

[1] Judge Currie was recently faced with some of the same issues that this case presents. *See All American Title Loans v. Title Cash of South Carolina*, No. 3:05-1280-CMC, 2007 WL 1464580 (D.S.C. May 17, 2007). Given the thoroughness of her opinion, when appropriate, the Court has adopted much of the law cited in that case here.

4

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. **In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.** Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a) (emphases added).

Through its present motion, Defendant seeks to increase the amount awarded under the profits measure from $400,000 to $999,113, based on Defendant's expert's profit calculation. Whether to award an enhancement rests in the trial court's discretion. *Burger King Corp. v. Mason,* 710 F.2d 1480, 1495 (11th Cir. 1983) (noting also that district court may award extraordinary relief, including treble damages "*if* the district court believes that such an award would be just") (emphasis in original). The Court may also adjust an award of profits if the Court deems the award either excessive or inadequate. *Id.* Either action "clearly envisions the exercise of the trial judge's discretion." *Id.*

In deciding whether to grant Defendant's request, the Court considers the underlying purposes of the these provisions. They include deterring Plaintiff from further misconduct. *See Sands, Taylor & Wood v. Quacker Oats Co.,* 34 F.3d 1340, 1348 (7th Cir. 1994) (stating that remedial provisions are intended to "provide a sufficient deterrent to ensure that the guilty party will not return to its former ways and once again pollute the marketplace"); *Mobius Management Systems, Inc., v. Fourth Dimension Software, Inc.*, 880 F. Supp. 1005, 1025 (S.D.N.Y. 1994) (noting

5

that while punitive damages are not allowed under the Lanham Act, its treble "enhancement [provisions] may be used to deter further willful violations"). In addition, these provisions are used "to compensate a plaintiff for its actual injuries." *Getty Petroleum Corp. v. Barto Petroleum Corp.,* 858 F.2d 103, 113 (2d Cir. 1988). The Court may, therefore, "enhance a monetary recovery of damages or profits" or "award plaintiff a full accounting of an infringer's profits." *Id. See also Alpo Petfoods,, Inc. v. Ralston Purina Co.,* 997 F.2d 949, 955 (D.C. Cir. 1993) ("An enhancement is appropriate to compensate a Lanham Act plaintiff only for such adverse effects as can neither be dismissed as speculative nor precisely calculated. . . . Lost profits and market distortion are . . . appropriate bases for the catch-all enhancement . . . .").

The jury awarded less than the amounts sought by Defendant. And, although the Court agrees with the jury's evaluation of the evidence as to infringement and intentional dilution, it cannot say that it agrees with the jury's conclusions as to these measures of profits. The amounts awarded by the jury are neither sufficient to adequately compensate Defendant nor to deter Plaintiff from future misconduct.[2]

Section 1117(a) provides, in relevant part, that "[i]n assessing profits the [trademark owner] shall be required to prove [the infringer's] sales only; [the infringer] must prove all elements of cost or deduction claimed. 15 U.S.C. § 1117(a). Having reviewed the evidence for the first time at trial, and then reviewing it again in the peace and quiet of chambers, the Court is persuaded that, although Defendant proved Plaintiff's sales, Plaintiff failed to prove the elements of costs and deductions that it claimed to offset those sales. Instead, it appears to the Court that many of the deductions that Plaintiff seeks to subtract from the sales are unsupported by any business records.[3]

---

[2]In fact, although not considered in the Court's making of this decision, Defendants have asserted, and Plaintiff has not denied, that Plaintiff continues its same unlawful conduct to this day.

[3]The Court is unpersuaded by any argument that the amount of profits should be decreased because of progressive encroachment. As stated above, Defendant was required only to prove the infringer's sales. It is Plaintiff's duty in this instance to prove any deductions. Its failure to do so is fatal to this claim.

Defendant's profit calculation is $999,113. The competent evidence in the record supports this calculation. Requiring Plaintiff to pay this amount will both fairly compensates Defendant and, hopefully, deter Plaintiff from any further unlawful conduct. Therefore, the Court will enter judgment for this amount.[4]

In an abundance of caution, in making this determination, the Court has also considered the following six factors in making this decision:

> (1) whether the defendant had the intent to confuse or deceive; (2) whether the sales have been diverted; (3) the adequacy of other remedies; (4) any unreasonable delay by the plaintiff in asserting its rights; (5) the public interest in making the misconduct unprofitable; and (6) whether it is a case of palming off.

*Synergistic Int'l, LLC v. Korman*, 470 F.3d at 175.

As to factor one, whether Plaintiff had the intent to confuse or deceive, there was evidence in the record to support the jury's decision that Plaintiff intentionally diluted Defendant's SEE 'N SAY trademarks with seven of Plaintiff's trademarks. Factor two, whether sales have been diverted, is inapplicable. Regarding factor three, the adequacy of other remedies, the Court has considered other remedies but finds that none other is adequate. There is no competent evidence in the record that the fourth factor, any unreasonable delay by Defendant in asserting its rights, applies. Concerning the fifth factor, the public interest in making the misconduct unprofitable, in addition to Super Duper's misconduct that is the subject of this suit, the record is replete with Plaintiff's apparent proclivity in generously borrowing, without permission or payment, the ideas of others. The public has cause to make such misbehavior unprofitable.[5] The sixth factor, whether this is a a case of palming off, has no application here. These considerations, although not exhaustive, convince the Court that the award of profits as provided herein is proper.

---

[4]This amount "constitute[s] compensation and not a penalty." 15 U.S.C. § 1117(a).

[5]The Court notes, however, that it has considered only the misconduct of Plaintiff that is the subject of this suit in weighing this factor in favor of granting Defendant relief.

7

**III.    CONCLUSION**

Therefore, for the reasons set forth herein, as well as those set forth by Defendant, it is the judgment of this Court that Defendant's Motion for Entry of Judgment will be **GRANTED AS MODIFIED**, Defendant's Motion for Permanent Injunction will be **GRANTED AS MODIFIED**, Defendant's Motion for Order of Cancellation will be **GRANTED**, and Defendant's Motion for Increased Profits Pursuant to 15 U.S.C. § 1117 will **BE GRANTED AS PROVIDED HEREIN**.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2009 in Spartanburg, South Carolina.

                                                      s/ Henry F. Floyd
                                                     HENRY F. FLOYD
                                                     UNITED STATES DISTRICT JUDGE