

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| SUPER DUPER, INC. | § | |
| d/b/a Super Duper Publications, | § | |
| a South Carolina Corporation, | § | |
| | § | |
| Plaintiff and Counterdefendant, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:05-1700-HFF-WMC |
| | § | |
| | § | |
| MATTEL, INC., | § | |
| a Delaware Corporation, | § | |
| | § | |
| Defendant and Counterclaimant. | § | |

## AMENDED JUDGMENT AND PERMANENT INJUNCTION

The jury having rendered verdicts on liability and damages in favor of Defendant and Counterclaimant Mattel, Inc. and against Plaintiff and Counterdefendant Super Duper, Inc., and the Court having granted Defendant's motion for permanent injunction, motion for cancellation, and motion to amend or alter the judgment to increase the profits awarded to Defendant, the Court makes the following findings and orders:

A.     On June 15, 2005, Plaintiff filed the complaint for declaratory judgment in this action against Defendant. In its complaint, Plaintiff alleged that the trademarks SORT AND SAY, SEE IT! SAY IT!, FOLD & SAY, FOLD AND SAY, FISH & SAY, FISH AND SAY, SAY AND DO, SAY & DO, SAY & GLUE, FUN DECK & SAY, SORT & SAY, SPIN, SAY & DO, SAY AND

SORT, SPIN, SAY AND DO, and SAY AND SING do not infringe Defendant's trademarks SEE N' SAY, MOTHER NATURE SAYS, THE FARMER SAYS, WINKY SAYS, THE BEE SAYS, THE CLOCK SAYS, MOTHER GOOSE SAYS, GRANNY SAYS, BARBIE SAYS, MY CLOCK SAYS, SEE N' SAY JUNIOR, and WHOOO SAYS.

B.     On April 12, 2006, Defendant filed its answer and alleged counterclaims against Plaintiff for trademark infringement, false designation of origin, dilution, and unfair competition as to Defendant's trademarks SEE 'N SAY, SEE 'N SAY JUNIOR, THE FARMER SAYS, GRANNY SAYS, BARBIE SAYS, and MOTHER GOOSE SAYS, cancellation of registration, and registration of trademarks by fraudulent means.

C.     Plaintiff filed a reply to Defendant's counterclaims on May 4, 2006, and an amended reply to Defendant's counterclaims on February 2, 2007.

D.     On June 11, 2007, Defendant filed an amended answer and amended counterclaims, alleging infringement of SEE 'N SAY, SEE 'N SAY JUNIOR, SEE 'N SAY BABY, GRANNY SAYS, and THE FARMER SAYS.

E.     On December 18, 2007, in a hearing before the Court, Defendant informed the Court and Plaintiff that it was not pursuing claims relating to GRANNY SAYS.

F.     This case was tried before a jury from April 17, 2008 to April 25, 2008. On April 25, 2008, the jury found as follows:

1.     Plaintiff's marks SEE IT! SAY IT!, SAY AND SING, FISH AND SAY, FISH & SAY, SORT AND SAY, SORT & SAY, and SAY AND SORT (the "Infringing Marks") infringe Defendant's trademarks SEE 'N SAY, SEE 'N SAY JUNIOR, SEE 'N SAY BABY, and THE FARMER SAYS;

2

    2.  Defendant's trademarks SEE 'N SAY and THE FARMER SAYS are famous.

    3.  Plaintiff's trademarks SEE IT! SAY IT!, SAY AND SING, FISH AND SAY, FISH & SAY, SORT AND SAY, SORT & SAY, and SAY AND SORT dilute Defendant's SEE 'N SAY and THE FARMER SAYS trademarks;

    4.  Plaintiff's dilution of Defendant's SEE 'N SAY and THE FARMER SAYS trademarks was intentional;

    5.  Plaintiff's trademarks SAY AND DO, SAY & DO, FOLD AND SAY, FOLD & SAY, SPIN SAY & DO, SPIN SAY AND DO, SAY & GLUE and FUN DECK & SAY do not infringe or dilute Defendant's SEE 'N SAY, SEE 'N SAY JUNIOR, SEE 'N SAY BABY, and THE FARMER SAYS trademarks;

    6.  Defendant is entitled to Plaintiff's profits for the use of SEE IT! SAY IT! in the amount of $63,333; SAY AND SING in the amount of $20,002; FISH AND SAY in the amount of $63,333; FISH & SAY in the amount of $63,333; SORT AND SAY in the amount of $63,333; SORT & SAY in the amount of $63,333; and SAY AND SORT in the amount of $63,333; and

    7.  Defendant did not prove by clear and convincing evidence that Plaintiff made fraudulent representations to the U.S. Patent & Trademark Office regarding its applications to register FOLD & SAY, FISH & SAY, SORT AND SAY, and SAY AND SORT.

  G.  The parties agreed that Defendant's trademarks SEE 'N SAY, SEE 'N SAY JUNIOR, SEE 'N SAY BABY, and THE FARMER SAYS (the "SEE 'N SAY Marks") are valid trademarks, owned by Defendant.

  H.  The Court took judicial notice of the fact that 'N means "and" or "&" in the context of this case.

  I.  With the exception of the award of profits, the Court agrees with and adopts the findings of the jury.

J.	The Court further finds that (1) Defendant will suffer irreparable harm if an injunction is not entered; (2) Defendant has no adequate remedy at law for Plaintiff's continued infringement of Defendant's SEE 'N SAY Marks and dilution of Defendant's SEE 'N SAY and THE FARMER SAYS Marks; (3) the balance of hardships between Defendant and Plaintiff leans heavily in favor of Defendant in entering an injunction; (4) the public interest will be served by entry of the injunction; and (5) Defendant sells products bearing its SEE 'N SAY Marks in South Carolina and throughout the United States. Therefore, a nationwide injunction is proper.

K.	Pursuant to 15 U.S.C. § 1117(a), the Court finds that Plaintiff's profits awarded to Defendant by the jury were inadequate and should be increased given the following facts and circumstances: (1) the profits proved by Defendant arising from Plaintiff's Infringing Marks were $999,113; (2) the testimony of Plaintiff's expert on costs and revenue was based on a complex and unpersuasive formula, without documentary support for twelve of the nineteen years of costs claimed by Plaintiff; (3) Plaintiff had the burden to prove all deductible costs and did not meet that burden because it had no cost records for two-thirds of the period claimed and its financial expert's "geometric rate of change" formula does not satisfy that burden; (4) Defendant's financial expert was more credible than Plaintiff's financial expert inasmuch as many of Plaintiff's expert's deductions were speculative and unsupported by business records; (5) As such, in that Defendant's expert's opinion was based on solid data, his testimony is entitled to more weight; (6) the jury found intentional dilution of Defendant's SEE 'N SAY and THE FARMER SAYS trademarks; and (7) the jury's allocation profits among the Infringing Marks was erroneous.

L.	In its counterclaims, Defendant pled for cancellation of certain trademark registrations owned by Plaintiff and denial of registration of SORT AND SAY and SAY AND SORT. The Court takes judicial notice of the fact that Plaintiff has allowed its application to register SAY AND SORT to go abandoned pending this litigation. Consistent with the jury's verdict, the

Court finds that cancellation of Plaintiff's registrations of SEE IT! SAY IT! and FISH & SAY and denial of registration of SORT AND SAY is proper.

  M.  The Court enters judgment as follows:

    1.  <u>Monetary Judgment</u>.  Judgment of $999,113 is entered in favor of Defendant and against Plaintiff, with interest at the rate of 1.88% provided by law.

    2.  <u>Permanent Injunction</u>.  Plaintiff, its subsidiaries, officers, agents, directors, servants, employees, partners, assigns, successors, affiliated companies, and attorneys and all persons in active concert and participation with them who receive actual notice of this Judgment by personal service or otherwise, are hereby permanently restrained and enjoined from any of the following:

      a.  Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods bearing any of the trademarks SEE IT! SAY IT!, SAY AND SING, FISH AND SAY, FISH & SAY, SORT AND SAY, SORT & SAY, or SAY AND SORT or any mark, name, symbol, design, or logo that is a counterfeit, copy or colorable imitation of, incorporates or is confusingly similar to any of Defendant's trademarks SEE 'N SAY, SEE 'N SAY JUNIOR, SEE 'N SAY BABY, or THE FARMER SAYS.

      b.  Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods under any of Defendant's trademarks SEE 'N SAY, SEE 'N SAY JUNIOR, SEE 'N SAY BABY or THE FARMER SAYS without Defendant's express written consent to do so, or under any mark, name, symbol, design or logo that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Plaintiff's business or goods are sponsored or endorsed by Defendant, are authorized by Defendant, or are connected in some way with any of Defendant's trademarks SEE 'N SAY, SEE 'N SAY JUNIOR, SEE 'N SAY BABY, and/or THE FARMER SAYS.

      c.      Passing off, or inducing or enabling others to sell or pass off, any products as genuine, licensed, or authorized products bearing any Defendant's SEE 'N SAY Marks, if they are not genuine, licensed, or authorized.

      d.      Engaging in any act that dilutes or is likely to dilute the distinctive quality of Defendant's SEE 'N SAY or THE FARMER SAYS trademarks and/or injures or is likely to injure Defendant's business reputation.

      e.      Representing or implying that Plaintiff or its products are in any way sponsored by, affiliated with, or endorsed or licensed by Defendant.

      f.      Knowingly assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any activities referred to in paragraphs 2(a) to 2(e) above.

      3.      <u>Order of Destruction</u>.  Plaintiff shall deliver to Defendant for destruction all products, advertising and promotional material, packaging, or other material bearing any of the marks SEE IT! SAY IT!, FISH & SAY, FISH AND SAY, SAY AND SORT, SORT & SAY, SORT AND SAY, or SAY AND SING, any other unlawful use of Defendant's SEE 'N SAY Marks, or any other trademarks, names, or logos that are confusingly similar to any of Defendant's SEE 'N SAY Marks or likely to dilute Defendant's SEE 'N SAY or THE FARMER SAYS trademarks.  In the alternative, Plaintiff shall rename and relabel all products, advertising and promotional material, packaging, or other material bearing any of the marks SEE IT! SAY IT!, FISH & SAY, FISH AND SAY, SAY AND SORT, SORT & SAY, SORT AND SAY, or SAY AND SING, any other unlawful use of Defendant's SEE 'N SAY Marks, or any other trademarks, names, or logos that are confusingly similar to any of Defendant's SEE 'N SAY Marks or likely to dilute Defendant's SEE 'N SAY or THE FARMER SAYS trademarks.

4. <u>Notice of Compliance</u>. Within thirty days of service of this Judgment, Plaintiff shall file a report with the Court, under oath, setting forth in detail the manner and form in which Plaintiff has complied with the permanent injunction and the order of destruction stated herein.

5. <u>Order to Commissioner for Trademarks</u>. The Commissioner for Trademarks of the U.S. Patent and Trademark Office is hereby ordered to cancel U.S. Registration No. 2,504,141 of SEE IT! SAY IT! and U.S. Registration No. 2,666,686 of FISH & SAY and deny registration to U.S. Serial No. 78/252,179 for SORT AND SAY.

6. <u>Plaintiff's Declaratory Judgment Claims</u>. The Court hereby dismisses Plaintiff's claims for declaratory judgment as moot.

7. <u>Costs</u>. Defendant, as the prevailing party, is entitled to an award of costs in the amount of $58,529.21, less the amount disallowed in the Court's Order filed this date.

8. <u>Attorneys' Fees</u>. As the prevailing party and because the Court finds this to be an exceptional case under 15 U.S.C. § 1117, Defendant is entitled to an award of reasonable attorneys' fees in the amount of $2,643,844.15.

9. <u>Binding Effect</u>. This Judgment shall be binding upon and inure to the benefit of the parties hereto and all successors and assigns, parent companies, officers, directors, shareholders, agents, affiliates, and all entities which are "related companies" within the meaning of 15 U.S.C. § 1055.

10. <u>Continuing Jurisdiction</u>. Notwithstanding any other provision herein, this Court shall retain jurisdiction to enforce this Judgment.

**IT IS SO ORDERED**.

Signed this 31st day of March, 2009 in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE